AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><br>JONATHAN WALKER<br><br>*Defendant(s)* | )<br>)<br>) Case No. 22-mj-2016<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **December 15, 2021** in the county of **Davidson** in the **Middle** District of **Tennessee**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Possession of a firearm by a previously convicted felon |

This criminal complaint is based on these facts:

Please see the attached statement in support of criminal complaint.

☑ Continued on the attached sheet.

/s/ S. Kaiti Lober
*Complainant's signature*

ATF TFO S. Kaiti Lober
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/02/2022

*Judge's signature*

City and state: NASHVILLE, TN

Jeffery S. Frensley, United States Magistrate Judge
*Printed name and title*

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT
## (Johnathan WALKER)

I, S. Kaiti Lober having been duly sworn upon oath, state as follows:

1. I am a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so assigned since 2021. I am currently assigned to the Nashville Field Office and have participated in numerous investigations that fall under the investigative jurisdiction of ATF including, but not limited to, violations involving the unlawful manufacture and possession of firearms and controlled substances. Prior to being assigned as a Task Force Officer with the ATF, I was a detective with the Metropolitan Nashville Police Department's Specialized Investigations Division since 2020 and an officer with the same department since 2016.

2. This affidavit is submitted in support of a Criminal Complaint for the arrest of Johnathan WALKER for being a felon in possession of a firearm in violation of Title 18 United States Code Sections 922(g)(1) and 924.

3. The facts contained in this statement are based on information learned during this investigation from other law enforcement sources (hereafter collectively referred to as "Agents") or witnesses related to the investigation. This statement does not provide every detail known by me regarding this investigation, but rather provides information necessary to establish probable cause for the arrest of Johnathan WALKER for the stated offenses. Except where indicated, all statements referred to below are set forth in substance and in part, rather than verbatim. All events occurred in Davidson County, Tennessee, located in the Middle District of Tennessee.

1

4. On December 15, 2021, Deputy United States Marshals (DUSM), responded to an apartment complex on Nocturne Lane in Nashville, Tennessee, which is in the Middle District of Tennessee, in an attempt to serve an outstanding felony warrant on C.L.[1]

5. Upon arrival, agents spoke with an individual who answered the door. Agents informed her that they were looking for C.L. and asked for C.L. to come out of the residence. The individual informed Agents that C.L. was not present but Agents wanted to verify that before leaving the property. While speaking with the first individual, agents observed WALKER sitting on a couch inside the residence. In an effort to determine where C.L. was so that the warrant could be served, and out of a concern for Agent safety, Agents asked WALKER to come out of the residence and potentially assist them in locating C.L. WALKER complied with their request. WALKER then provided evasive answers to Agents' questions and began acting nervous.

6. The individual who first answered the door gave consent to Agents to search the residence for C.L. Agents then lifted up the couch where WALKER had previously been sitting to determine if a person was hiding underneath the couch. As agents lifted the couch up, the cushions on the back of the couch fell forward and revealed a tan Glock 17 9mm pistol with a 30 round magazine, a mason jar containing suspected marijuana, and a baggie of approximately 2.9 grams of white powdery substance that field-tested positive for cocaine.

7. Agents also recovered a set of keys from the couch that appeared to be for a Cadillac automobile. Agents observed a Cadillac CTS bearing Tennessee license plate "56BA09," which

---

[1] C.L. is a real person but is not the subject of this criminal complaint and, therefore, initials are used. I can provide C.L.'s full name to the Court upon request.

was parked in front of the apartment building where agents were looking for C.L. A records search confirmed that the vehicle was registered to WALKER.

8. Eventually, agents confirmed that WALKER had an outstanding warrant for his arrest based on a federal supervised release violation in Case No. 3:15-cr-00151-2 (Doc. No. 108, PageID #: 354) and he was arrested on that warrant.

9. WALKER was then advised of his *Miranda* warnings, waived his rights and agreed to speak with law enforcement. During that interview, WALKER claimed ownership of the Glock 17 pistol found in the couch at Nocturne Drive. WALKER also stated that there was an additional firearm in the Cadillac CTS described above.

10. Law enforcement later served a state search warrant on the Cadillac CTS and recovered a Glock 19 Gen 4 handgun which had previously been reported stolen. Officers also recovered approximately 2.5 grams of a white power substance that field tested positive for cocaine and two black digital scales.

11. An ATF Interstate Nexus Expert determined that both the Glock 17 recovered from the Nocturne apartment and Glock 19 recovered from the Cadillac CTS are both firearms which were manufactured outside the State of Tennessee and, therefore, traveled in and affected interstate commerce at some point.

12. A review of WALKER's criminal history revealed that he has the following felony convictions:

   a. On or about May 5, 2005, WALKER was convicted of facilitation of possession of under .5 grams of cocaine with the intent to sell or deliver in Davidson County Criminal Court Case Number 2004-I-1215 and received a two year sentence.

3

b. On or about June 9, 2005, WALKER was convicted of theft of property with a value of over $500 and felonious possession of a weapon in Davidson County Criminal Court Case Number 2005-I-639 and received a two-year sentence.

c. On or about October 31, 2014, WALKER was convicted of being a felon in possession of a firearm in U.S. District Court for the Middle District of Tennessee Case Number 3:10-cr-00148 and sentenced to 60 months in the Bureau of Prisons.

d. On or about November 14, 2014, WALKER was convicted of sale of under .5 grams of cocaine in Davidson County Criminal Court Case Number 2009-C-2666 and received a six year sentence.

e. On or about April 26, 2016, WALKER was convicted of using a communication facility to commit a drug felony in U.S. District Court for the Middle District of Tennessee Case Number 3:15-cr-00151-2 and sentenced to 48 months in the Bureau of Prisons with a term of a year of supervised release to follow.

13. Given the fact that WALKER was previously convicted in federal court (in 2010) of being a felon in possession of a firearm and sentenced to sixty months, I submit that there is probable cause to believe that WALKER knew of his status as a convicted felon prior to December 15, 2021.

14. Based upon the foregoing facts, I submit that there is probable cause to believe that WALKER committed the offense of being a Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924.